IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BODEY L. COOK (#M-45836), | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO. 20 C 5280 |
| | ) | |
| V. | ) | |
| | ) | HON. GARY FEINERMAN |
| WEXFORD HEALTHCARE SERV., ET AL., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## ORDER

Certain Defendants' motion to dismiss [27] is granted for the reasons stated below. Plaintiff's claims against Defendants Robert Jeffreys and Sherwin Miles are dismissed with prejudice. The Clerk is directed to terminate those individuals as party defendants. The status hearing set for 8/13/2021 [29] is stricken and re-set for 10/13/2021 at 9:15 a.m. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

## STATEMENT

Bodey Cook, an Illinois state prisoner, has brought this *pro se* lawsuit under 42 U.S.C. § 1983. Plaintiff claims that correctional officials and health care providers at Stateville Correctional Center violated his constitutional rights by providing inadequate care and treatment for a bug in his ear, as well as for a serious infection that resulted. Defendants Rob Jeffreys (the Director of the Illinois Department of Corrections) and Sherwin Miles (the facility's Warden) move under Civil Rule 12(b)(6) to dismiss the claims against them. Dkt. 27.

The court set a briefing schedule requiring Plaintiff to respond by July 27, 2021. Dkt. 29. Plaintiff neither filed a response nor moved for an extension. Because Jeffreys and Miles set forth plausible grounds for dismissal, and because Plaintiff failed to respond to the motion, he has forfeited his claims. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the forfeiture]

rule … where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss. … Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted); *see also Boogaard v. NHL*, 891 F.3d 289, 294-96 (7th Cir. 2018) (affirming the district court's holding that the plaintiffs forfeited their claims by not responding to the defendant's argument under Rule 12(b)(6) that they failed to state a claim).

The analysis could stop there, but it bears mention that an independent ground for dismissal is that, even setting aside forfeiture, Jeffreys and Miles are correct on the merits that Plaintiff has no viable claim against them. The body of the complaint makes no mention of Jeffreys, and he may not be held liable under § 1983 on a *respondeat superior* theory. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). The same holds for Miles, who may not be held liable on the facts alleged for Plaintiff's alleged medical mistreatment, *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care"), or for any alleged mishandling of Plaintiff's grievances, *see Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 609-10 (7th Cir. 2007).

Accordingly, Plaintiff's claims against Miles and Jeffreys are dismissed. Because Plaintiff did not defend those claims, the dismissal is with prejudice. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in … dismissing a complaint with prejudice … when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint."); *Baker v. Chisom*, 501 F.3d 920, 926 (8th Cir. 2007) (affirming the dismissal with prejudice of a claim where the plaintiff "failed to defend that claim or to urge that it be dismissed without prejudice").

August 12, 2021  _____
United States District Judge