# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BODEY L. COOK (#M-45836), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 CV 5280 |
| v. ) | |
| ) | |
| WEXFORD HEALTHCARE SERVICES, ) | Hon. Rebecca R. Pallmeyer |
| LATONYA WILLIAMS, ) | |
| and MARLENE HENZE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bodey Cook, an Illinois state prisoner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Wexford Health Sources (a contractual provider of medical services for the Illinois Department of Corrections) and two health care professionals employed by Wexford. (Other Defendants, non-health care providers, were dismissed pursuant to FED. R. CIV. P. 12(b)(6); a third nurse was dismissed pursuant to FED. R. CIV. P. 4(m).) Cook claims that Defendants were deliberately indifferent to his medical needs while he was incarcerated at the Stateville Correctional Center. He maintains that he received inadequate care and treatment when a foreign object in his ear caused pain, an infection and, ultimately, permanent hearing loss.

By Memorandum Opinion and Order of February 9, 2023 [102], the court denied Cook's motion for summary judgment and granted Defendants' cross-motion for summary judgment. Cook now moves for reconsideration. For the reasons discussed in this order, the motion is granted as follows: the court will reopen the case to allow Cook to submit a formal statement of facts consistent with FED. R. CIV. P. 56 and LR 56.1 (N.D. Ill.).

**BACKGROUND**

In November 2021, then-Judge Feinerman recruited an attorney to represent Cook in this matter "[i]n light of the complex medical issues." ([64], Order of November 15, 2021.) At the conclusion of discovery, counsel moved for summary judgment in favor of Cook. ([82]). The motion included a brief summary of the relevant facts, but not certain other items anticipated for such motions. Counsel did not include a separate memorandum of law in support of the motion and, more critically, did not file the required LR 56.1 Statement of Undisputed Facts, with citations to the record evidence for the factual assertions. *See* LR 56.1(a)(1), (2) (N.D. Ill.) Instead, Cook simply attached a two-sentence affidavit to his motion, generally attesting that the facts contained in the motion were "true and correct." (Dkt. 82-1, Affidavit of Bode Cook.) Defendants responded by filing their own motion for summary judgment, complete with the essential requirements of the court's Local Rule. ([84].)

In his response ([90]) to Defendants' motion, Cook pressed his claim that Defendants had failed to respond reasonably to his medical complaints, and identified what he contended to be issues of material fact:

> whether Defendant[]s' inaction and neglect of Plaintiff, until it was too late, caused injuries which were easily preventable by Defendants, despite Plaintiff's repeated verbal and Defendant-documented complaints, and whether this rose to the factual level required to establish a violation of §1983 premised in the deliberate indifference of the Defendants.

(*Id.*, pgs. 2-3, ¶ 7.) Cook asserted, further, that "Defendants' follow-up care of Cook is also a disputed issue of material fact," and included another one-paragraph affidavit attesting to the truth of the facts set forth in the response. (*Id.*, p. 2, ¶ 4; p. 5.)

In opposing Cook's motion for summary judgment, Defendants called out his "blatant failure to comply with the Northern District's Local Rule 56.1 by failing to submit a statement of facts and memorandum of law." ([90], Defendants' Response Memorandum in Opposition to Cook's Motion for Summary Judgment, at 1.) Yet in reply, Cook effectively doubled-down,

2

declining to respond to Defendants' statement of facts paragraph by paragraph, and offering no additional facts in support of his own position. Instead, Cook dismissed Defendants' concerns about LR 56.1 as a mere technicality: "Defendants' argument that Plaintiff's motion for summary judgment should just be ignored[] because of procedural inaccuracies, is an excessively harsh remedy that ignores the plain facts in this case." ([97], Plaintiff's Reply to Defendants' Response, at p. 1, ¶ 1.) And in response to the cross-motion for summary judgment, Cook again failed to respond to Defendants' statement of facts.

In ruling on these motions, the court credited Defendants' version of the facts, to the extent they were supported in the record. ([102], Memorandum Opinion and Order of February 9, 2023, at pgs. 1-2.) The court noted that the record included Cook's own deposition testimony, and that the facts Cook alluded to in his own summary judgment materials were "largely consistent" with the facts set forth in Defendants' Rule 56.1 statements. (*Id.*, p. 2.) That record showed that Cook suffered from ear pain, inflammation and hearing loss—but it did not support a finding that either Dr. Henze or Physician's Assistant Williams acted with deliberate indifference to those conditions. The court concluded that no reasonable jury could find that Defendants' actions amounted to such a substantial departure from accepted protocols as to amount to an Eighth Amendment violation. Finally, having found no liability on the part of the individual Defendants, the court granted summary judgment for Wexford Health Services, as well.

Acting pro se, Plaintiff has now filed this "combined" motion for reconsideration.

## ANALYSIS

### A.     Summary Judgment Requirements

The standards that govern summary judgment motions are familiar. Under FED. R. CIV. P. 56(c)(1), "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including

3

those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." This court's local rules mirror and amplify those provisions. Local Rule 56.1(a) requires the moving party to provide a statement of material facts that complies with Local Rule 56.1(d). Local Rule 56.1(d) requires that "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it." The Rule goes on to warn that "the court may disregard any asserted fact that is not supported with such a citation." LR 56.1(d)(2).

Local Rule 56.1 has corresponding provisions for parties who oppose summary judgment. Rule 56.1(b)(2) directs that the non-movant file a response to the moving party's LR 56.1(a)(2) statement of material facts, admitting or denying each numbered paragraph in the moving party's statement of facts, with citations to evidence in the case of disputes. Local Rule 56.1(b) permits the opposing party to assert additional facts not mentioned in the moving party's statement of facts, again supported by any evidentiary material not introduced by the moving party. *See* LR 56.1(b)(2), (b)(3). Though represented by counsel, Cook did not adhere to these summary judgment requirements. The question is whether his omissions can be rectified.

### A.  Standard Governing Motions to Alter or Amend Judgment

Technically, there is no such thing as a "motion to reconsider" in federal court. *Talano v. Nw. Med. Fac. Found., Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001) ("a 'Motion for Reconsideration' does not exist under the Federal Rules of Civil Procedure"); *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, No. 17 CV 2153, 2018 WL 4679559, at *3 (N.D. Ill. Sept. 28, 2018) ("A motion for reconsideration is not expressly provided for by the Federal Rules of Civil Procedure"), *aff'd in part, rev'd in part and remanded,* 930 F.3d 812 (7th Cir. 2019). Rather, a properly termed Rule 59(e) motion is a "motion to alter or amend judgment." *Talano,* 273 F.3d at 760 n.1; *Alarm*

*Detection Sys.,* 2018 WL 4679559, at *3 ("[T]he Seventh Circuit has construed Rule 59(e) to permit such motions [to reconsider]") (citing *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) (explaining that "a motion for reconsideration on errors of law" is "encompassed . . . by Rule 59(e)")).

Cook filed his motion within 28 days of entry of judgment and used the term "alter and amend judgment;" thus, he is seeking relief under FED. R. CIV. P. 59(e). That Rule allows the court to alter or amend a judgment if the moving party (1) can demonstrate a manifest error of law or (2) presents newly discovered evidence. *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). Motions for reconsideration under Rule 59(e) are not properly used for rehashing arguments previously presented to the court, *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014), and a movant's mere disagreement with a court ruling is insufficient to establish a manifest error of law. *Wilson v. Obaisi*, No. 17 CV 3917, 2022 WL 17903061, at *1 (N.D. Ill. Nov. 21, 2022) (citing *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A Rule 59(e) motion is not meant to allow a party to undo errors made in the district court before the entry of judgment. *See A&C Construction & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020); *Barrington Music Prod., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (citations omitted).

Cook has not pointed to any newly discovered evidence in this case. Instead, he suggests that he might have been able to counter Defendants' statements of facts had he been given the chance to do so. ([113] Plaintiff's Motion for Reconsideration at p. 7.) He also speculates that an expert witness might have provided helpful testimony regarding the care and treatment of ear infections. (*Id.*, pgs. 5, 6.) But those generalized arguments do not amount to "newly discovered evidence," nor has Cook identified a manifest error of law. Cook's broad statement that his medical records and deposition testimony will substantiate his claim are not

compelling in this case; the court did review those materials, despite his attorney's failure to comply with LR 56.1. The court is satisfied that Defendants' properly supported and essentially uncontested statements of facts accurately reviewed the medical records. There appears to be no basis for relief under FED. R. CIV. P. 59(e).

Nevertheless, the court is willing to construe this motion as one for relief from a final judgment under FED. R. CIV. P. 60(b), which authorizes the court to vacate judgment for a variety of reasons, including mistake, excusable neglect, newly discovered evidence, or fraud, or for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (2), (3). *Wilson v. Obaisi*, No. 17 CV 3917, 2022 WL 17903061, at *1 (N.D. Ill. Nov. 21, 2022). The court does so here in an abundance of caution. Cook's claim is most fairly understood as one of ineffective assistance of counsel, but such a claim is not a proper ground for reversal in civil matters. *Perry v. Michelin N. Am., Inc.*, 109 F. App'x 780, 781 (7th Cir. 2004) (citing *Stanciel v. Gramley,* 267 F.3d 575, 581 (7th Cir. 2001)); *accord Payette v. Dickman*, 394 F. App'x 297, 299 (7th Cir. 2010) (upholding the denial of a request for a retrial in an Eighth Amendment medical case where counsel was allegedly ineffective in numerous ways at trial). The remedy for the attorney's alleged mishandling of the case "is a malpractice action against hi[m], "not another shot at a trial . . . ." *Perry* at 781; *see also Bell v. Eastman Kodak Co.,* 214 F.3d 798, 802 (7th Cir. 2000) (same).

The court notes, however, some similarities to the case of *Smith v. Butler*, No. 21-3082, 2023 WL 3706544 (7th Cir. May 30, 2023), where pro bono counsel for a prison inmate failed to respond to a motion for summary judgment in a case alleging deliberate indifference to the plaintiff's medical needs. When the plaintiff discovered the ruling, he advised the court that his attorney had not contacted him at all, and the court "took steps to give [plaintiff] his day in court." *Id.* The court reopened the case and directed the recruited attorney to provide the plaintiff all discovery materials. The court then allowed the plaintiff to respond *pro se* to the motions for summary judgment. *Id.* The plaintiff did so, but without the benefit of the discovery materials,

6

which recruited counsel had not provided. The district court ultimately again entered summary judgment for the defendants. *Id.* The court found, with regard to the plaintiff's medical claims, that legitimate security reasons justified a delay in escorting the plaintiff to the health care unit on the date of an injury, that there was no evidence that the delay harmed him, and that the physician defendants "furnished care compatible with the Eighth Amendment." *Id.*

The Court of Appeals affirmed. *Id.* at **1, 4. The Seventh Circuit explained, "To get past summary judgment on his Eighth Amendment claim about delayed medical treatment, [plaintiff] needed to point to evidence suggesting that the defendants knew about but disregarded a serious medical condition." *Id.* at *3 (citing *Farmer v. Brennan*, 511 U.S. 25, 839-40 (1994)). True, he "[a] delay in treatment that is 'inexplicable' and 'serves no penological interest' may suggest deliberate indifference." *Butler* at *2 (quoting *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (en banc), but the Seventh Circuit agreed with the district court that the plaintiff had offered no such evidence. The court agreed, further, that the delay in question did not reflect deliberate indifference, that the plaintiff's disagreement with doctors' opinions was not actionable under 42 U.S.C. § 1983, and that the warden could not be held liable for relying on the prison doctor's response in denying the plaintiff's grievance. *Id.* at 2-3. In affirming summary judgment, the Court of Appeals acknowledged plaintiff's "understandabl[e] frustrat[ion] with his attorney," but declined to "vacate based on a theory of ineffective counsel in civil cases" and commended the "reasonabl[e] manner in which the district court handled the problem." *Id.* at 4.

This court will take a similar approach, and will give Cook the opportunity to submit a 56.1 statement (or statements) of facts. Cook should take special care to adhere to LR 56.1(d), which provides guidelines for statements of material facts. A statement of facts that is replete with legal arguments, rather than presenting clear, undisputed material facts supported by admissible evidence, is unacceptable. *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015). Legal arguments do not belong in a statement of facts. *Id.* "I asked for an MRI," for example,

would be a factual assertion. "She violated my constitutional rights by denying me adequate medical care" would be a legal conclusion.

**Cook's Motion to Recruit New Counsel**

Cook has asked the court to enlist another *pro bono* attorney to assist him. That request is denied. Cook's recruited attorney did conduct discovery and engage with the summary judgment process; his failure to submit the required 56.1 statements is disappointing and unexplained, but Defendants provided a comprehensive statement of facts and submitted a complete record to the court. The court will expect Cook to admit or deny each numbered statement in Defendant's statement of fact, admitting or denying them and citing to discovery materials in support of any claimed dispute. He will be free to submit his own corresponding statement of additional facts as well. The parties and the court have already framed the legal issues, and no substantial additional briefing will be required. Cook's well-written motion for reconsideration satisfies the court that he is capable of responding effectively, but the court will direct Defendant to furnish the appropriate Rule 56.2 notice, and to ensure that Cook has access to all discovery materials. The court sees no need for additional discovery in this case.

## CONCLUSION

Cook's "combined motion for reconsideration or alter and amend judgment or recruit counsel" [113] is granted in part and denied in part. Defendant is directed to provide Cook with the LR 56.2 notice on or before August 15, 2023. On or before September 5, 2023, Cook has leave to provide (1) a Rule 56.1(b)(2) response to Defendants' LR 56.1 statement of facts and (2) a 56.1(b)(3) statement of any additional facts he deems pertinent to the resolution of this case. No further input from Defendants is required, but they have leave to respond to Cook's statement(s) of facts and to file a statement of additional facts as they see fit, no later than September 25, 2023. The Clerk is directed to vacate judgment and reopen the case. Before

8

further submissions, both parties are encouraged to discuss a possible settlement.

ENTER:

Date:   August 1, 2023

_____
REBECCA R. PALLMEYER
United States District Judge